UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Stanley Dwayne Anderson, | ) | Civil Action No.: 4:22-cv-00917-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | ORDER |
| Kilolo Kijakazi, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended,

42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of

Social Security, denying Plaintiff's claim for disability insurance benefits (DIB). The only issues

before the Court are whether the findings of fact are supported by substantial evidence and whether

proper legal standards have been applied. This action is proceeding before the undersigned pursuant

to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

### A.     Procedural History

Plaintiff filed an application for DIB on July 22, 2020, alleging an onset date of December

14, 2019, with a prior unfavorable unappealed ALJ decision dated December 18, 2019. (Tr. 14, 94).

The ALJ made a finding that prior decisions were unpersuasive and were given little weight. (Tr. 15).

His claims were denied initially and upon reconsideration.  Thereafter, Plaintiff filed a request for

a hearing. Plaintiff and a vocational expert (VE) testified at a hearing on October 6, 2021. The

Administrative Law Judge (ALJ) issued an unfavorable decision on October 22, 2021, finding that

Plaintiff was not disabled within the meaning of the Act. (Tr. 14-28). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied in January 2022, making the ALJ's decision the Commissioner's final decision. (Tr.1-3). Plaintiff filed an action in this court in March 2022. (ECF No. 1).

**B.    Plaintiff's Background**

Plaintiff was born on May 6, 1967, and was fifty-two years old on the date last insured. (Tr. 26). Plaintiff had past work as a machine operator and a semitruck driver. (Tr. 26). Plaintiff alleges disability due to back problems, mental health problems, hypertension, depression, and obesity. (Tr. 119).

**C.    The ALJ's Decision**

In the decision of October 22, 2021, the ALJ made the following findings of fact and conclusions of law (Tr. 14-28):

1.    The claimant last met the insured status requirements of the Social Security Act on December 31, 2019.

2.    The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 14, 2019 through his date last insured of December 31, 2019 (20 CFR 404.1571 *et seq*.).

3.    Through the date last insured, the claimant had the following severe impairments: degenerative joint disease of the left knee, diabetes mellitus, obesity, sciatica, posttraumatic stress disorder, and major depressive disorder (20 CFR 404.1520(c)).

4.    Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.    After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light

work as defined in 20 CFR 404.1567(b) except he can lift and/or carry twenty pounds occasionally and ten pounds frequently, and he can stand and walk for six hours of an eight-hour workday and sit for six hours of an eight-hour workday. The claimant can never climb ladders, rope, or scaffolds, but he can occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs. The claimant should avoid concentrated exposure to workplace hazards, such as unprotected heights and moving machinery. The claimant can perform simple, routine tasks for two-hour blocks of time with normal rest breaks during an eight-hour workday, and he can have occasional interaction with the general public.

6.    Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7.    The claimant was born on May 6, 1967 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8.    The claimant has at least a high school education (20 CFR 404.1564).

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11.    The claimant was not under a disability, as defined in the Social Security Act, at any time from December 14, 2019, the alleged onset date, through December 31, 2019, the date last insured (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues the ALJ failed to properly evaluate examiner Dr. Seitz's June 2021 questionnaire, September 2021 exam, and October 2021 statement, where the AOD and DLI were both in December 2019. The Commissioner argues that the ALJ's decision is supported by

3

substantial evidence.

## A.    LEGAL FRAMEWORK

### 1.    The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. § 423(a).  Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.  42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions.  *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims).  An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included

4

in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

claimant can perform alternative work and that such work exists in the regional economy.  To satisfy

that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs

available in the national economy that claimant can perform despite the existence of impairments

that prevent the return to PRW.  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  If the

Commissioner satisfies that burden, the claimant must then establish that he is unable to perform

other work.  *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*,

482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

     **2.**     **The Court's Standard of Review**

The Act permits a claimant to obtain judicial review of "any final decision of the

Commissioner [ ] made after a hearing to which he was a party."  42 U.S.C. § 405(g).  The scope of

that federal court review is narrowly-tailored to determine whether the findings of the Commissioner

are supported by substantial evidence and whether the Commissioner applied the proper legal

standard in evaluating the claimant's case.  *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971);

*Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the

evidence."  *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d

846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  Rather, the

court must uphold the Commissioner's decision if it is supported by substantial evidence.

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653

(4th Cir. 2005).  Thus, the court must carefully scrutinize the entire record to assure there is a sound

foundation for the Commissioner's findings and that her conclusion is rational.  *See Vitek*, 438 F.2d

at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

## B.    ANALYSIS

### Dr. Seitz

Plaintiff argues the ALJ failed to properly evaluate examiner Dr. Seitz's June 2021 questionnaire, September 2021 exam, and October 2021 statement, where the relevant period of time before the ALJ was two weeks in December 2019 due to AOD of December 14, 2019 and DLI of December 31, 2019.

For applications filed on or after March 27, 2017, such as this action, the regulatory framework for considering and articulating the value of medical opinions has been changed. *See* 20 C.F.R. § 416.920c; *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819 (revisions to medical evidence rules dated Jan. 18, 2017, and effective for claims filed after Mar. 27, 2017). Importantly, the new regulations no longer require any special significance be given to opinions by a treating physician. *See* 20 C.F.R. § 416.920c (noting that the treating physician rule only applies to claims filed before March 27, 2017). The ALJ is not required to defer to or give any specific weight to medical opinions. 20 C.F.R. § 416.920c(a). Instead, the ALJ should consider and articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant(length, frequency, purpose, extent, and examining);

7

(4) specialization; and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 416.920c(b),(c). Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. 20 C.F.R. § 416.920c(a), (b)(2). An ALJ is not required to explain how the remaining factors were considered. 20 C.F.R. § 416.920c(b)(2). In evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). In evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2).

As to Dr. Seitz, the ALJ found:

Matt Seitz, Ph.D., a psychologist who examined the claimant in September of 2021, opined it would be difficult[] for the claimant to operate in any occupational environment that involved other people, and it would be challenging for him to be reliable and productive (Ex. C6F). Dr. Seitz also opined the claimant would not be able to interact appropriately on a consistent basis with supervisors, coworkers, or the general public (Ex. C10F). This opinion was not persuasive as it was not consistent with a majority of the objective medical evidence and the Veterans Administration notes in particular. It should be noted that this opinion was the result of an examination that occurred nearly two years after the end of the period at issue. In October of 2019, while at Columbia South Carolina Veterans Administration Medical Center, the claimant's cognition was intact, and his speech was normal in rate, tone, and volume (Ex. C1F/28). The claimant described his mood as "up and down" and his affect was mildly anxious (Ex. C1F/29). The claimant's thought processes were goal directed, and his insight and judgment were described as fair (Ex. C1F/29). This opinion also lacked strong internal support as it appeared to be based on claimant's subjective complaints, but a Beck depression screening score of 39 and a Burns test score of 45 were noted (Exs. C6F and C10F/2).

(Tr. 25). The ALJ gave several reasons as to why the opinion was not persuasive looking at the

8

consistency and supportability factors. The ALJ found that Dr. Seitz's opinions– as a result of an exam almost two years after the relevant period, when compared to treatment records closer in time to the relevant period– were inconsistent with those VA treatment records, citing October 2019 treatment notes where Plaintiff reported sufficient benefit at current medication dosage, had normal gait, intact cognition, and mildly anxious affect with plan to increase medications despite Plaintiff's comment(Ex. C1F/28-29). (Tr. 25, 356-357). The ALJ noted some testing but that the opinion itself lacked strong internal support by being based on subjective complaints.

Plaintiff essentially argues that examiner Dr. Seitz reviewed prior VA records and thus his weighing of the evidence should be taken over the ALJ's consideration of the whole record. (ECF No. 10 at 29-30). The standard of review here is whether the ALJ supported his findings with more than a mere scintilla of evidence. The ALJ properly considered the CFR factors of supportability and consistency in reviewing whether records closer in time to the relevant period[3] were consistent and supportive of Dr. Seitz's exams and opinions and finding they were not. Dr. Seitz never saw Plaintiff during the relevant period; Dr. Seitz's examination was based on his "current" status in September 2021, almost two years after the relevant time period. (Tr. 700). Defendant notes that Seitz did not actually review all the VA records and the nearest one in time reviewed was in January 2019, almost a year before the relevant period. (Tr. 1036).

The ALJ supported his finding Dr. Seitz's opinions unpersuasive by reviewing the

---

[3] Plaintiff cannot avoid the fact that the DLI is December 31, 2019 and the date of the alleged onset is also in December 2019 because there is an unappealed ALJ decision dated in December 2019 and res judicata bars any disability finding prior to the date of the prior decision. 20 C.F.R. § 404.957(c)(1). It is Plaintiff's burden to prove disability on or before December 31, 2019. 20 C.F.R. § 404.131. The prior unappealed final denials covered periods back to 2014. At each prior ALJ decision in 2017 and 2019, Plaintiff was represented and informed back then that the DLI was December 31, 2019. (Tr. 64, 86).

consistency and supportability factors of 20 C.F.R. § 416.920c(b),(c), citing to treatment notes closer in time to the relevant period that did not support the severity of the limitations opined. Under the deferential standard of review applicable here, substantial evidence is not a high threshold. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The ALJ here performed the analysis under the applicable regulatory scheme and considered the factors most important to determining the persuasiveness of the opinions. The ALJ cited to the record to support this finding and followed the applicable regulatory law.

### III. CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, she has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

s/ Thomas E. Rogers, III
November 28, 2022                            Thomas E. Rogers, III
Florence, South Carolina                     United States Magistrate Judge

10